**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**                                                          **Case No.  6:06-cr-178-Orl-31JGG**

**LETARIUS R. JOHNSON**

_____

**ORDER**

On March 15, 2007, the Defendant appeared before me with his appointed counsel, James Garbett, for sentencing.  At that time, Mr. Garbett filed a Motion to Withdraw Guilty Plea (Doc. 51), as he had been instructed by his client.  The Motion was supported by a handwritten statement by Defendant, explaining his rationale.  A Motion to Withdraw as Counsel was also filed by Mr. Garbett (Doc. 52).

In light of this development, the Court continued the sentencing hearing and heard argument on the Motion to Withdraw Guilty Plea.  Thereafter, the Court gave the government an opportunity to file a written response (Doc. 54).  The Court has reviewed that response and the transcript of the change of plea hearing held before Magistrate Judge Spaulding on December 21, 2006 (Doc. 50).

Defendant appears to make two basic arguments in support of the Motion: first, that he was entrapped by the government, and second, that he was misled as to his career criminal guideline score.

With respect to entrapment, Judge Spaulding conducted a thorough colloquy and explored this issue in depth.  The transcript clearly reflects that Defendant discussed this defense with counsel on numerous occasions and that he simply wanted to reserve his right to make this argument in mitigation

at sentencing.  (Doc. 5, pp. 27-28).  Defendant's retained counsel at that time, Mr. Harley Gutin, said, "And I've already talked to Mr. Ambrose [the AUSA] about that, and Mr. Ambrose says, you know, 'Fine.  Just make your argument.'" (Doc. 50, p. 9).

Now that Defendant seeks to make this argument, the government responds by refusing to seek the extra acceptance of responsibility point pursuant to U.S.S.G. Sec. 3E1.1(b) and, by opposing any acceptance of responsibility credit for Defendant in connection with his sentence.  Defendant claims that this position is retaliatory and constitutes a breach of the plea agreement.  The plea agreement (Doc. 17), however, provides that the third acceptance of responsibility point is discretionary with the government. (Doc. 17, p. 7)  And, although the government has reneged on its promise to recommend a two-level acceptance of responsibility credit, that position is not binding on the Court.

At the sentencing hearing, Defendant made clear his desire to argue entrapment as a sentencing mitigation factor, and the government acquiesced.  Thus, if the guilty plea stands, the Court will grant Defendant a two-level acceptance of responsibility credit.  Therefore, even if this were to constitute a breach of the plea agreement (and the Court does not so find), there would be no prejudice to the Defendant.

Defendant's second argument is more troubling.  The presentence report, prepared after the change of plea hearing, scores Defendant as a career criminal under U.S.S.G. Sec. 4B1.1.  This has the effect of substantially increasing Defendant's guideline score and advisory sentence range.  Yet, during the plea colloquy, Judge Spaulding asked Defendant's counsel in regard to Defendant's prior criminal history, "But it doesn't sound like its going to rise even possibly to the level of a career criminal offender?"  Defendant's counsel responded, "No."  (Doc. 50, pp 18-19).  Shortly thereafter, while discussing the implications of career criminal offender status, Judge Spaulding said, "It doesn't

-2-

sound like that applies here." (Doc. 50, p. 20). The government stood mute during this portion of the proceeding and made no effort to suggest that Defendant might indeed score out as a career criminal under the guidelines.

In light of the above, the Court cannot conclude that Defendant's plea was knowingly and voluntarily made. Under a liberal construction of Rule 11 and the totality of the circumstances surrounding entry of the plea, the Court finds that Defendant has shown a fair and just reason for withdrawal of his plea. *U.S. v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996).[1]

The withdrawal of Defendant's guilty plea, however, may well prove to be a pyrrhic victory, because the government has indicated its intention to file an information against Defendant under 21 U.S. C. Sec. 851, which would subject him to the possibility of a mandatory life sentence.

---

[1]The government concedes that it would not be prejudiced by this result. (Doc. 54, p. 12).

Thus, because Defendant should think long and hard about withdrawing his plea and should do so only after an opportunity for reflection and consultation with counsel, the Court will withhold a ruling on the Motion for a period of 30 days.  Therefore, it is

**ORDERED** that Defendant's Motion to Withdraw Guilty Plea is abated until April 16, 2007. If Defendant does not withdraw his motion by that date, the Court will grant the Motion to Withdraw and vacate the Defendant's guilty plea.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on March 19, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Letarius R. Johnson

-4-