**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                                  Case No.  6:06-cr-178-Orl-31GJK

**LETARIUS R. JOHNSON**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION TO COMPEL SPECIFIC PERFORMANCE (Doc. No. 102)
>
> **FILED:** April 16, 2009
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On April 16, 2009, Letarius R. Johnson (the "Defendant") filed a Motion to Compel Specific Performance (the Motion) against the United States of America (the "Government") seeking an order compelling the Government to "faithfully evaluate the cooperation rendered by the Defendant in the Middle District of Florida prosecutions styled United States v. Raymond Kelly (Orlando Division) and United States v. Patrick Arnold (Orlando Division), which did not come to fruition until after Defendant's sentencing, and then to make a good faith determination . . . as to whether Defendant's

post-sentence cooperation qualifies as 'substantial assistance' for purposes of Fed.R.Crim.P. 35(b)."

Doc. No. 102 at 1-2.[1] In the Motion, Defendant states the following:

> After his arrest, Defendant began cooperating with the Government. In December of 2006, Defendant entered into a written plea and cooperation agreement. The agreement stipulated that Defendant cooperate fully with the Government and in exchange the Government agreed to consider (i.e., faithfully evaluate) any cooperation to determine if a sentence reduction is warranted. [Note: Defendant concedes that the agreement at issue invests upon the Government unfettered discretion concerning whether a Rule 35(b) petition has been earned. Defendant, however, is not challenging that determination or the Government's discretion. <u>Defendant is simply asserting that no determination has been made concerning the cooperation described below including whether or not it qualifies for a sentence reduction</u> under Fed.R.Crim.P. 35(b).]

Doc. No. 102 at 2 (emphasis added). Thus, Defendant is seeking an order directing the Government to make a determination regarding whether Defendant's cooperation may qualify for a sentencing reduction. *Id*. In other words, Defendant is not seeking an order requiring the Government to file a motion pursuant to Rule 35(b), but only an order requiring the Government to make a good faith determination as to whether such a motion may be appropriate. *Id*.

On May 4, 2009, the Government filed a Response in Opposition to the Motion (the "Response"). Doc. No. 103. In the Response, the Government asserts the following:

> This court may review the failure to file a Rule 35 motion "only if the defendant first makes a 'substantial threshold showing' that the refusal was based on an unconstitutional motive, such as the defendant's race or religion. Moreover, a defendant cannot show that he is entitled to

---

[1]The Plea Agreement in this case states: "[T]he defendant understands that the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise." Doc. No. 17 at 4-5.

-2-

> a remedy, discovery, or even an evidentiary hearing, either by claiming generally that he provided substantial assistance, or by making generalized allegations of improper motive.
>
> . . .
>
> The Supreme Court and the Eleventh Circuit have held that the District Courts "are precluded from intruding into prosecutorial discretion" unless there is both an allegation and a substantial showing of an unconstitutional motive. This Court simply does not have the authority to review this issue.

Doc. No. 103 at 1-2 (internal citations omitted). The Court and, it would appear from the Motion, the Defendant agree with the Government's statement of the law regarding the inability of a defendant to challenge a prosecutor's decision not to file a Rule 35(b) motion. However, the Motion only requested the Government to make a determination whether such a motion is appropriate. Doc. No. 102. The Response failed to indicate whether such a determination has been made. Doc. No. 103. Therefore, in an abundance of caution, the Court directed the Government to file a supplemental response explaining whether the Government had evaluated the alleged cooperation rendered by the Defendant and made a determination regarding whether a Rule 35(b) motion is appropriate. *See* Doc. No. 104. The Court also provided the Defendant with an opportunity to file a reply to the supplemental response. *Id*.

On May 18, 2009, the Government filed its Supplemental Response in Opposition to the Motion (the "Supplemental Response"). Doc. No. 105. In the Supplemental Response, the Government states that it "has evaluated the cooperation that the [D]efendant has asserted entitles him to a Rule 35 motion." *Id*. at ¶ 1. The Government further states the following:

> During a proffer with agents the [D]efendant did identify Raymond Kelly and Patrick Arnold, among others, as drug traffickers that he knew and dealt with in Brevard County. Both Raymond Kelly and

> Patrick Arnold, however, had already been identified to federal and local law enforcement agents as drug dealers, and investigations had been opened on both targets long before this [D]efendant's identification of them.
>
> The evidence that led to the indictment and conviction of Raymond Kelly (6:07-cr-134-Orl-19KRS) and Patrick Arnold (6:07-cr-213-Orl-31KRS) was developed independently and without this [D]efendant's cooperation; he would not have been a witness against either of them had they gone to trial; and his information was not used for sentencing purposes for either defendant.

Doc. No. 105 at ¶¶ 2-3. The Government also includes the statement of facts in support of Raymond Kelly and Patrick Arnold's plea agreements. *Id*. at ¶¶ 4-5. According to the Government, Defendant was not a confidential informant in either case. Therefore, the Government maintains that it "has determined that a Rule 35 motion for [Defendant] is not warranted." *Id*. at ¶ 6.

On May 22, 2009, Defendant filed a Reply to the Supplemental Motion (the "Reply"). Doc. No. 106. In the Reply, Defendant continues to maintain that the Motion is only requesting an order compelling the Government to "faithfully evaluate the cooperation rendered by the Defendant." Doc. No. 106 at ¶ 1. Defendant states that he does not "seek to force the Government to file a Rule 35 motion." *Id*. at ¶ 3. Defendant continues to acknowledge that the "Government has discretion to decide (albeit in good faith) whether a Rule 35(b) sentence reduction [motion] is warranted." *Id*.

Because the Government, in the Supplemental Response, states that it has evaluated whether Defendant is entitled to a Rule 35 motion, determined that Defendant is not entitled to said relief, and provided the reasons therefor, the undersigned **RECOMMENDS** that the Court **DENY the Motion (Doc. No. 102)**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Orlando, Florida on June 16, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge

Counsel of Record

Unrepresented Parties

Courtroom Deputy